# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **ERNEST FORD** | **CIVIL ACTION NO. 09-1929** |
|     **LA. DOC #110753** | |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Ernest Ford filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 16, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his 2005 armed robbery convictions and sentences totaling 70 years imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Sect4ion 2254 Cases in the United States District Courts.

### *Background*

Petitioner was charged with eight counts of armed robbery in a single bill of information. On the day of trial, the prosecutor informed the court of his intention to sever counts 1-4 and to proceed to trial on counts 5-8. Petitioner's court-appointed trial counsel did not object to the severance. Petitioner was ultimately  found guilty as charged and sentences totaling 70 years were imposed. [Doc. 1-3, pp. 16-17]

Petitioner appealed his conviction and sentences to the Third Circuit Court of Appeals. His court-appointed appellate counsel argued claims of insufficiency of the evidence and excessiveness of sentence. [Doc. 1-2, Exhibit I, pp. 94-115] On May 31, 2006 his convictions and sentences were affirmed in an unpublished opinion. *State of Louisiana v. Ernest Ford*, 2006-0258 (La. App. 3 Cir. 5/31/2006), 930 So.2d 1245 (Table). [See also Slip Opinion, at Doc. 1-2, Exhibit J, pp. 116-133]

On June 26, 2006 petitioner filed a *pro se* application for writs in the Louisiana Supreme Court.[1] [Doc. 1-2, Exhibit K, pp. 134-158] On January 26, 2007 the Supreme Court denied writs. *State of Louisiana v. Ernest Ford*, 2006-1754 (La. 1/26/2007), 948 So.2d 166. [See also, Doc. 1-2, Exhibit L, pp. 159-160] Petitioner did not seek further direct review in the United States Supreme Court.

On December 27, 2007 petitioner filed a *pro se* application for post-conviction relief arguing seven claims for relief.[2] On May 16, 2008 petitioner filed a Supplemental Application for Post Conviction Relief arguing an additional claim – "Petitioner's Sixth and Fourteenth Amendment Rights under the United States Constitution were violated when trial counsel failed to contest the prosecution's severance of the offenses." [Doc. 1-2, Exhibit C, pp. 23-43]

On June 10, 2008 the District Court, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), denied relief noting that "... Relator has alleged no facts that

---

[1]  The pleading provided by petitioner is undated; however, in his Supplemental Application for Post-Conviction Relief petitioner alleged that he filed the application for *certiorari* on June 26, 2006. [See Doc. 1-2, p. 37]

[2]  Petitioner argued (1) that he was denied a copy of the trial transcript; (2) that the District Attorney was afforded more peremptory strikes than allowed by law; (3) that the District Attorney commented on defendant's right to remain silent; (4) that the District Attorney vouched for the credibility of his witness; (5) that counsel was ineffective when he failed to produce alibi evidence; (6) improper comments by the District Attorney in closing arguments; (7) erroneous jury instruction. [Doc. 1-2, p. 18]

support the claim of ineffective assistance of counsel, nor has he made any other claims that would

entitle him to post-conviction relief." [Doc. 1-2, Exhibit D, pp. 44-46]

Petitioner applied for writs to the Third Circuit Court of Appeals arguing only the ineffective

assistance of counsel claim based on counsel's failure to contest severance. [Doc. 1-2, Exhibit E, pp.

47-61] On October 1, 2008 the Third Circuit denied writs finding "... no error in the trial court's

ruling." *State of Louisiana v. Ernest Ford*, No. KH 08-00817. [Doc. 1-2, Exhibit F, pp. 62-63]

On October 7, 2008 petitioner applied for writs in the Louisiana Supreme Court raising the

severance issue. [Doc. 1-2, Exhibit G, pp. 64-91] On September 25, 2009 the Supreme Court denied

writs. *State of Louisiana ex rel. Ernest Ford v. State of Louisiana*, 2008-2726 (La. 9/25/2009), 18

So.3d 91. [Doc. 1-2, Exhibit H, pp. 92-93]

He filed the instant petition on November 16, 2009. He argues a single claim for relief,

"Petitioner's Sixth and Fourteenth Amendment rights under the United States Constitution were

violated when trial counsel failed to contest the prosecution's severance of the offenses." [Doc. 1-3,

p. 15]

### *Law and Analysis*

Petitioner argued his *habeas corpus* claim of ineffective assistance of counsel in his

Supplemental Application for Post-Conviction Relief. The District Court considered the merits of

the claim and rejected it, as did the Third Circuit and the Louisiana Supreme Court.[3]  Therefore this

Court must utilize the Standards for Review as set forth in 28 U.S.C. § 2254(d)(1) and (2).  Under

---

[3] The Third Circuit found no error in the District Court's ruling; the Supreme Court denied writs without comment. Nevertheless, when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

these provisions, *habeas* relief is not available to a state prisoner on a claim which was adjudicated

on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while

pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th

Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001).  The state court's

decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule

contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts

a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529

U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  A state court's factual findings

constitute "an unreasonable application of clearly established" Supreme Court precedent if the state

court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a

particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is

objective. *Id.* at 409-10. A state court's incorrect application of clearly established Supreme Court

precedent is not enough to warrant federal *habeas* relief – the application must also be unreasonable.

*Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order

to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. See *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th Cir.2002), citing  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002)(*en banc*).

Ineffective assistance of counsel claims present mixed question of law and fact. *Kitchens v. Johnson*, 190 F.3d 698, 700-01 (5th Cir.1999). The "clearly established Federal law" with respect to claims of ineffective assistance of counsel was articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In order to prevail on an ineffective assistance of counsel claim, a *habeas* petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

An attorney's  performance is deficient if it "falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. The *habeas* court must determine "... whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances." *Neal v. Puckett*, 286 F.3d at 236.  In so doing, the Court must "eliminate the distorting effects of hindsight," *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, and may not assume deficient performance based upon disagreement with strategic choices. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.1999).

To establish prejudice, the *habeas* petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

In disposing of this claim, the District Court correctly cited *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as the appropriate standard and denied relief noting that "... Relator has alleged no facts that support the claim of ineffective assistance of counsel, nor has he made any other claims that would entitled him to post-conviction relief." [Doc. 1-2, Exhibit D, pp. 44-46]  Petitioner has not shown that this determination was unreasonable.

Indeed, petitioner has, throughout the proceedings in the State court and in these proceedings, failed to demonstrate either deficient performance or prejudice.  The failure of petitioner's trial counsel to object to severance did not amount to deficient performance.  Under Louisiana law, "... the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. C.Cr.P. art. 61.  Thus, the prosecutor's decision to sever counts from the Bill of Information was not objectionable by the defense and could not be overruled by the Court. Compare *State v. Joles*, 492 So.2d 490 (La. 1986)(The district attorney may charge a number of distinct thefts in one count in a single bill of information, but he is not prohibited from charging a number of distinct thefts in separate counts in either a single bill or multiple bills of information.); see also *State v. Burnett*, 2008 WL 2064975 (La. App. 1 Cir. 5/2/2008) (unpublished) ("Under *Joles*, the district attorney has the discretion as to whether to prosecute ... offenses separately or to aggregate them."); *State v. Brooks*, 541 So.2d 801 (La. 1/30/1989) (Citing art. 61 as providing broad discretion to the district attorney in determining

whether to sever counts of an indictment.)   Petitioner suggests that the District Attorney severed

Counts 1-4 because of the victims' "lack of ... cooperation." [Doc. 1-3, p. 19] Had counsel objected

to the severance, his objection would most certainly have been either denied or ignored.   The

prosecution could not be forced to try a charge if the victim/witness was either unavailable or refused

to cooperate.   The failure to raise meritless or futile objections does not constitute deficient

performance. See *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.1994); *Koch v. Puckett*, 907 F.2d 524,

527 (5th Cir.1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984) (per curiam)).

Even if the failure to object to severance amounted to deficient performance, petitioner has

not demonstrated prejudice either in the State court proceedings or in these proceedings. Further, the

undersigned can imagine no prejudice resulting from counsel's failure to object to the severance of

four counts from an eight count Bill of Information. Petitioner was convicted of four counts of armed

robbery; he was identified by the four victims in court as the perpetrator of the offenses. [See

unpublished opinion of the Third Circuit, Doc. 1-2, Exhibit J, at p. 128, "... each of the victims made

an in-court identification of the defendant as the perpetrator..." . Petitioner also admitted that each

of the victims was able to identify him as the robber. Doc. 1-3, pp. 8-11] In other words, given the

fact that four victims positively identified petitioner as their assailant, petitioner simply cannot show

that "but for" counsel's failure to object to severance, the results of his trial would have been

different; nor can he show that the conviction is otherwise unreliable.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

provides that following examination of the pleadings by the court, "If it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

A review of the petitioner's pleadings and exhibits establishes beyond any doubt that petitioner is not entitled to relief and his *habeas* petition should therefore be dismissed with prejudice in accordance with Rule 4.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

**accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United***

***Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

       In Chambers, Lafayette, Louisiana, May 27, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)